## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **MARILYNN ENGLISH,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:15-cv-345-JDL** |
| | ) | |
| **BAC HOME LOANS SERVICING LP,** | ) | |
| **n/k/a BANK OF AMERICA, N.A.,** | ) | |
| **SUCCESSOR BY MERGER TO BAC** | ) | |
| **HOME LOANS SERVICING LP, f/k/a** | ) | |
| **COUNTRYWIDE HOME LOANS** | ) | |
| **SERVICING LP,** | ) | |
| | ) | |
| **Defendant** | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant moves to dismiss this action in which the *pro se* plaintiff, Marilynn English, asserts various claims arising out of a loan and mortgage on real property located in Milbridge, Maine.  I recommend that the court grant the motion.

### I.   Applicable Legal Standard

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted).  This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).  Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).  "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."  *Id.* (citation and internal quotation marks omitted).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard[,]" *Young v. Wells Fargo Bank, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran,* 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

## II.  Factual Background

The complaint sets forth the following relevant factual allegations.[1]  The plaintiff, a resident of New Jersey, purchased a second home in Milbridge, Maine, on April 22, 2003.

---

[1] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched

Plaintiff's Initial Complaint ("Complaint") ECF No. 1) ¶¶ 1 & [6]. She financed the purchase with a 15-year mortgage in the amount of $76,000.00 from Countrywide Home Loans, Inc. *Id*. ¶¶ [6] & [7]. In 2012, the defendant informed the plaintiff that the owner of the loan at that time was the Bank of New York Mellon. *Id*. ¶ 7. She then obtained a copy of the assignment of the loan from the Washington County Registry of Deeds. *Id*.

On June 18, 2012, the plaintiff "filed" a "Notice of Default" that stated that failure to respond to the notice would render the loan null and void. *Id*. ¶ [8]. Neither the defendant nor Bank of New York Mellen responded to the notice. *Id*. The plaintiff then filed an action in the Maine Superior Court (Washington County) alleging fraudulent conveyance and seeking to quiet title to the subject property. *Id*. The defendants unsuccessfully attempted to remove that action to federal court. *Id*. ¶ [10].

At some point, the plaintiff paid the loan in full, and the state-court case was dismissed. *Id*. ¶ [11]. The plaintiff appealed the dismissal, which was affirmed by the Law Court. *Id*. The complaint in this action was filed on August 24, 2015. ECF No. 1.

### III.  Discussion

The defendant[2] argues that this action is barred by, *inter alia*, the doctrine of *res judicata.* Bank of America, N.A.'s Motion to Dismiss ("Motion") (ECF No. 7) at 5-8. That doctrine prevents the relitigation of issues that were or could have been dealt with in an earlier litigation.

---

as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Id*. "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility." *Id*. (citation and internal quotation marks omitted).

[2] The caption of the complaint lists the following defendants: "BAC Home Loans Servicing, LP[,] n/k/a Bank of America, N.A.[,] Successor by Merger to BAC Home Loans Servicing, LP[,] f/k/a Countrywide Home Loans Servicing L.P. and Does 1-100." Complaint at 1. The complaint does not mention the Doe defendants. It seeks recovery only against Bank of America, N.A. *Id*. at 20. Accordingly, I conclude that only Bank of America, N.A., is a party defendant in this action, and I will use the singular form of the noun to refer to Bank of America, N.A.

*Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir. 1983).  "Federal courts are to give state court judgments the res judicata effect that state law prescribes."  *Id.*

Maine state law provides the same standard: "[T]he scope of the bar extends to all issues tried or that might have been tried in the prior action."  *Kradoska v. Kipp*, 397 A.2d 562, 565 (Me. 1979).  The doctrine applies when the same parties are involved, a final judgment has been entered in the prior action, and the matters presented for decision in the second action were or might have been litigated in the prior action.  *Id.*

Here, both the plaintiff and the defendant in this action were parties to the state-court action.  Amended Quiet Title Action [(]Fraudulent Conveyance), *English v. Bank of America N.A., et al.*, Docket No. MACSC RE-12-22 (Superior Court, Washington County) ("State Complaint") (ECF No. 7-2) at 1; Plaintiff's Initial Complaint – Replevin Action ("Federal Complaint") (ECF No. 1) at 1.  A final judgment was entered in the state-court action.  Decision and Order on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, *English v. Bank of America, NA, et. al.*, Docket No. RE:12-22 (Maine Superior Court, Washington County) (ECF No. 2-19); Memorandum of Decision, *English v. Bank of America, N.A. et al*, Docket No. Was-14-429 (Maine Supreme Judicial Court) (ECF No. 7-3); Order Denying Motion to Reconsider, Docket No. Was-14-429 (Maine Supreme Judicial Court) (ECF No. 7-4).

With respect to the final factor, whether the matters presented for decision here by the plaintiff's complaint were or might have been litigated in the prior action, Maine law directs this court to consider whether the claims in the second case are founded upon the same transaction as were those in the first case, arise out of the same nucleus of operative facts, and seek redress "for essentially the same basic wrong."  *Brown v. Ferrara*, No. 2:10-cv-523-GZS, 2012 WL 2237173, at *5 (D. Me. June 15, 2012) (citation omitted).  "Such a claim is precluded even if the second

4

action relies on a legal theory not advanced in the first case, or involves evidence different from the evidence relevant to the first case." *Id*. (citation and internal punctuation omitted). "The fact that [the plaintiff] sought a different remedy in the earlier action does not preclude the application of res judicata here." *Beaulier v. Weaver*, No. Civ. 05-182-B-W, 2006 WL 197158, at *2 (D. Me. Jan. 25, 2006).

This legal principle renders incorrect the plaintiff's contention that *res judicata* does not bar this action because she did not seek recovery on the basis of replevin in the state-court action, as she does here. Plaintiff's Objection to Defendant's Motion to Dismiss ("Opposition") (ECF No. 9) at 9.[3] Comparison of the two complaints demonstrates that the replevin claim asserted here is founded upon the same transaction that gave rise to the state-court complaint, arises out of the same nucleus of operative facts, and seeks redress for essentially the same basic wrong. *Compare* State Complaint ¶¶ 5, 7, 18-20, 55-59, and 60-70[4] *with* Federal Complaint ¶¶ [6]-[8], [13]-[14], [16], [18], [35], [42], [45]-[46], [64]-[65], and [68], and footnotes 5-6, 8; and *compare* Plaintiff's Motion to Amend Complaint to Add a Party for Violations of the Fair Debt Collection Practices Act, Recoup Fraudulent Expenses Billed and Dispute Loan Amount (ECF No. 7-5) ¶¶ [6]-[13] *with* Federal Complaint ¶¶ 20-22. The overlap is demonstrated more fully throughout the plaintiff's objection to the motion to dismiss.

From all that appears, the plaintiff could have sought replevin of the mortgage note in the state-court action; she could also have sought the return of her mortgage payments and the

---

[3] After the defendant filed the memorandum of law (ECF No.10) in reply to the plaintiff's opposition to the motion to dismiss that is allowed by this court's Local Rule 7(c), the plaintiff filed a document entitled Plaintiff's Response and Objection to Defendant's Brief in Further Support of Their Motion to Dismiss (ECF No. 11), without seeking leave of court to do so. Ordinarily, this court would strike such a document from the record as an impermissible surreply. *E.g., Mitchell v. Liberty*, No. CV-08-341-B-W, 2009 WL 294701, at *1 (D. Me. Feb. 5, 2009). In this case, nothing in that document would have any effect on the substance of this recommended decision.
[4] After paragraph 70, the amended complaint in the state-court action numbers a second set of paragraphs at 57-70, followed by consecutive numbers to the end of the document. State Complaint at 17-19.

associated fees and costs that she now claims in this action.  She takes issue only with the latter

conclusion.  She contends that she could not have sought the fees and costs in the state-court action

before her attempt to add those claims was rejected by the state court as untimely because she did

not know the full "final amount due," and had waited for the defendant to provide her with that

information.  Opposition at 2, 9.

This contention does not save the plaintiff's financial claims from application of *res

judicata*.  I begin with the aspect of that legal principle that controls in the situation presented here:

> The Superior Court's refusal to grant leave to amend has a preclusive effect on
> Plaintiffs' attempt to raise the identical claims in subsequent litigation.  This Court
> is persuaded that such a denial should have *res judicata* effect here [in the federal
> district court] under Maine Law. . . . The United States Court of Appeals for the
> First Circuit, in construing the federal law of claim preclusion, which applies the
> same standards as Maine law, has held that *res judicata* operates to preclude future
> litigation of a claim that was not timely amended to an earlier complaint.  *Johnson
> v. SCA Disposal Servs., Inc.*, 931 F.2d 970, 975 (1st Cir. 1991).

*Dall v. Goulet*, 871 F. Supp. 518, 521 (D. Me. 1994).

The plaintiff's assertion that she could not seek to recover these fees and costs in the state-

court action until she knew the exact amount she wished to claim is erroneous and would not, in

any case, relieve her from the bar set forth in *Dall*.  First, the time allowed for amendment of the

pleadings is set by the court; it is not determined by the length of time that passes before a certain

fact is discovered by, or should have been known by, the plaintiff.  Second, only special damages,

those types of damages that are not usually associated with the claim in question, must be

specifically stated in the complaint, Fed. R. Civ. P. 9(g), and the pleading of special damages does

not require that a specific dollar amount be pleaded.  C. Wright & A. Miller, 5A *Federal Practice

& Procedure* §§ 1310-11 (3d ed. 2004).  This procedural issue is governed by federal law in all

cases brought in federal court.  *Id*. § 1311, at 361-62.  It is common for a defendant to "obtain . . .

further desired information [about the amount of a plaintiff's damages] through the discovery

process[,]" *id.* at 357-58, and, therefore, a plaintiff need not plead the exact amount of her claimed damages in her complaint. It is enough that she plead a claim for damages of a specific type, at most. A litigant who waits until she knows the exact amount of each type of damages that she claims before pleading any claim for those damages in an action that she has already brought does so at peril of losing those claims, as happened in the state-court action in this case. The doctrine of *res judicata* prevents her from alleging them in a subsequent action, both because they could have been alleged in the earlier action and because the state court denied her motion to add the allegations as untimely.

The clear applicability of *res judicata* to the plaintiff's complaint in this action makes it unnecessary to consider the defendant's alternative arguments. Motion at 8-12.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the motion to dismiss.

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of January, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

7