# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARILYNN ENGLISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) 1:15-cv-00345-JDL |
| BAC HOME LOANS SERVICING, | ) |
| LP, n/k/a Bank of America, N.A., | ) |
| Successor by Merger to BAC | ) |
| Home Loans Servicing, LP, f/k/a | ) |
| Countrywide Home Loans | ) |
| Servicing LP and Does 1-100, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Marilynn English has moved to reopen this action in which she sought replevin and other remedies against her former mortgage lender. Her motion is based on her discovery that the Civil Docket Sheet incorrectly listed the nature of the suit as being one for "Real Property Foreclosure." Her motion rhetorically asks whether the error made it "possible that the Courts assumed that Plaintiff was trying to get a free house as most likely they never read Plaintiff's papers?" ECF No. 25, at 14.

The motion does not explain how an administrative error regarding the designation of her claim affected the judgment entered in this action, which was affirmed on appeal by the U.S. Court of Appeals for the First Circuit, *see English v. BAC Home Loans Servicing LP, et al.*, No. 16-1343 (1st Cir. March 7, 2017). Judges do not rely on the administrative designation of a claim when deciding the merits of that claim. My review of the recommended decision and all other orders entered in this case demonstrates that English's claim was decided on its merits, and without regard to the possibly inaccurate administrative designation of the case as one for "Real Property Foreclosure."

Accordingly, the Motion to Reopen (ECF No. 25) is **DENIED**.

**SO ORDERED.**  Dated: May 15, 2018

/s/ JON D. LEVY
U.S. DISTRICT JUDGE